IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-510-JFA |
| | ) | |
| DOROTHY LEE ANDERSON d/b/a | ) | |
| DL ANDERSON TAX SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**JUDGMENT AND PERMANENT INJUNCTION ORDER
AGAINST DOROTHY LEE ANDERSON d/b/a DL ANDERSON TAX SERVICE**

This action comes before the Court upon the entry of default by the clerk on April 21, 2010, against defendant Dorothy Lee Anderson d/b/a DL Anderson Tax Service and the United States' Motion for Entry of Default Judgment and Permanent Injunction under Federal Rule of Civil Procedure 55(b)(2), supported by a memorandum of law, a declaration demonstrating that Anderson is not an infant, incompetent person, or on active duty in the United States Armed Forces, and the taxpayer declarations submitted in support of this motion and the United States' motion for preliminary injunction. Accordingly, judgment is hereby entered in favor of the plaintiff, United States of America, and against defendant Dorothy Lee Anderson d/b/a DL Anderson Tax Service.

## Findings of Fact

### Jurisdiction

1. Defendant Dorothy Lee Anderson ("Anderson") resides in Hopkins, South Carolina within the jurisdiction of this Court. Anderson is an un-enrolled tax return preparer who operates or has operated under the name DL Anderson Tax Service ("DL Anderson") within the jurisdiction of this Court.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a), 7407, and 7408.

### Venue

3. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. §§ 1391(b). Anderson resides and operates or has operated DL Anderson in Hopkins, South Carolina, within this judicial district. From this office, Anderson provided services to her customers and prepared and filed the tax returns as described below.

### Defendant's activities

4. In October 2007, Anderson applied for and obtained an Electronic Filing Indicator Number ("EFIN") from the IRS with the last three numbers XXX599. This number allowed Anderson to electronically file tax returns on behalf of taxpayers.

5. During the 2008 filing season, Anderson electronically filed 451 federal income tax returns for the year 2007 using the EFIN with the last three numbers XXX599. Of these returns, almost 99% claimed a refund owed and 49% claimed the earned income tax credit.

6. In total, Anderson electronically filed 451 returns that claimed refunds totaling over $1.2 million. The IRS, however, issued refunds totaling $480,170.25 after its own internal

filters determined that some of these taxpayers were not entitled to a refund of any overpayment or to the earned income tax credit.

7. During the 2008 filing season, Anderson electronically filed fraudulent 2007 federal income tax returns with the IRS on behalf of a significant number of taxpayers without their authorization or knowledge. Anderson then forged these individuals' electronic signatures, and listed a South Carolina address where these individuals did not reside or otherwise have any connection. Anderson signed these returns as a paid preparer and then electronically filed them using her EFIN.

8. The tax returns Anderson fraudulently prepared and filed using individuals' names and social security numbers without their knowledge or authorization sought refunds of income taxes by fraudulently claiming such things as the earned income tax credit even though a significant number of these taxpayers were incarcerated and did not work, claiming improper withholding allowances, and claiming dependents they did not have.

9. The actions described above resulted in the creation of false refunds, by inducing the IRS to issue refund checks by misrepresentation of a material fact.

10. By preparing returns in the names of others, Anderson has aided or assisted in the preparation of tax returns. Anderson knew or had reason to know that the returns would be used in connection with the determination of the taxpayers' tax liabilities, a material matter, and that the returns would result in an understatement of these taxpayer's tax liabilities within the meaning of 26 U.S.C. § 6694(e). The understatement of tax liability on the returns Anderson fraudulently filed led to the erroneous issuance of tax refund checks. While the IRS's internal filters prevented the issuance of more than $700,000 in false refunds, the returns Anderson filed

generated more than $480,000 in refunds. Of that, more than $290,000 was directly deposited into Anderson's own bank account or bank accounts she controlled in violation of 26 U.S.C. § 6695(f). Thus far, the IRS has determined that Anderson absconded with at least $223,345 of the fraudulently obtained tax refunds which she spent for personal use.

11. By filing the tax returns described above without the taxpayers' knowledge or consent, and then stealing the taxpayers' refunds, Anderson perpetrated identity theft on taxpayers from whom the defendant has wrongfully obtained social security numbers and other sensitive tax information. A search under the names listed on the tax returns Anderson electronically filed on the Alabama Department of Corrections website (http://www.doc.state.al.us/inmatesearch.asp) reveals that approximately 25% of these individuals are currently incarcerated in the State of Alabama. This does not include at least two former Alabama Department of Corrections inmates who were also victims of Anderson's activities.

12. Anderson knows that her conduct is illegal.

13. Anderson did not file tax returns using the EFIN issued by the IRS during the 2009 tax filing season.

### Harm to the public

14. Anderson's preparation of false and fraudulent tax returns caused the United States to issue to taxpayers substantial tax refunds to which they are not legally entitled. Furthermore, in many cases those refunds went directly to Anderson, because she did not remit to the taxpayrs the refunds she fraudulently claimed on their behalf.

15. The United States is harmed because the IRS has issued a significant number of refund checks based on fraudulent returns filed by Anderson. The refund rate for these returns during 2008 was 99%, with the refunds ranging as high as $5,705.00 for a return. In total, Anderson filed returns claiming refunds of over $1.2 million. Even after the IRS's internal controls prevented the refunding of $720,000 claimed on the tax returns filed by Anderson, $480,000 was ultimately paid on the refunds claimed in these tax returns. Of this amount, $290,929, consisting of 193 refund checks, was directly deposited in Anderson's bank accounts.

16. The United States is also harmed because the IRS is forced to devote substantial resources to identifying whether the taxpayers for whom Anderson filed returns were actually owed refunds and recovering any erroneous refunds that are issued. Each return discovered requires further effort by the IRS to communicate with taxpayers to determine their correct tax liability. Given the IRS's limited resources, identifying and recovering all revenues lost from Anderson's preparation of false and fraudulent returns may be impossible.

17. In addition to the harm caused by Anderson's preparation of tax returns that understate taxpayers' tax liabilities or falsely claim the earned income tax credit, Anderson's activities undermine public confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws. As a result, these activities cause the Government irreparable harm.

18. Injunctive relief is appropriate and necessary to prevent defendants from promoting services that interfere with tax enforcement and from future occurrences of this conduct. Furthermore, the Government's remedies at law to recover any erroneous refunds are inadequate to prevent Anderson from engaging in the same conduct again.

# CONCLUSIONS OF LAW

## Count I
## Injunction under 26 U.S.C. § 7407 for violation of 26 U.S.C. §§ 6694 and 6695

1. 26 U.S.C. § 7407 authorizes a district court to enjoin an income tax preparer from:

    (a) engaging in conduct subject to penalty under 26 U.S.C. § 6694 (which penalizes a tax return preparer who prepares or submits a return that understates tax liability due to an unrealistic position);

    (b) engaging in conduct subject to penalty under 26 U.S.C. § 6695 (which includes penalties for a tax return preparer who fails to furnish a copy of the return to the taxpayer or who endorses or negotiates a taxpayer's refund checks); or

    (c) engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws;

if the court finds that injunctive relief is appropriate to prevent the recurrence of such conduct. Additionally, if the court finds that a preparer has continually or repeatedly engaged in such conduct, and the court finds that a narrower injunction (*i.e.*, prohibiting only that specific enumerated conduct) would not be sufficient to prevent that person's interference with the proper administration of the internal revenue laws, the court may enjoin the person from further acting as a federal income tax return preparer.

2. Based upon the factual findings and evidence presented by the United States that Anderson has not opposed, the Court finds that Anderson has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695 and has continually and repeatedly engaged in other fraudulent or deceptive conduct substantially interfering with the administration of the tax laws.

3. Of the 451 returns Anderson electronically filed, a significant number included false or fraudulent credits and deductions. In claiming those false or fraudulent credits and deductions, Anderson understated the taxpayers' federal tax liabilities, within the meaning of 26 U.S.C. § 6694(e), and asserted positions, including the entitlement to the earned income tax credit, which she knew or reasonably should have known were unrealistic under 26 U.S.C. § 6694, especially where she prepared and filed these fraudulent returns based upon bogus numbers without these individuals' knowledge or consent.

4. Anderson failed to deliver copies of filed tax returns to taxpayers in violation of 26 U.S.C. § 6107(a). These failures subject her to penalty under 26 U.S.C. § 6695(a).

5. Anderson illegally listed her own bank accounts, or bank accounts she controls, as the bank account to deposit the tax refund checks generated by the returns she filed and then illegally deposited these refunds into her bank accounts. These actions subject her to penalty under 26 U.S.C. § 6695(f).

6. Anderson's actions, as described above, fall within 26 U.S.C. § 7407(b)(1)(A) and (D), and are, thus, subject to being enjoined under 26 U.S.C. § 7407.

7. Given Anderson's cavalier attitude to date towards the laws of the United States, a narrower injunction than the one sought is unlikely to be sufficient to prevent Anderson's further interference with the administration of the internal revenue laws. Therefore, based upon the findings of fact found above, the Court concludes it is appropriate to permanently bar Anderson from the tax return business.

## Count II
## Injunction under 26 U.S.C. § 7408 for violations of 26 U.S.C. § 6701

8. 26 U.S.C. § 7408 authorizes a court to enjoin persons who have engaged in any conduct subject to penalty under 26 U.S.C. § 6701 if the court finds that injunctive relief is appropriate to prevent the recurrence of such conduct.

9. 26 U.S.C. § 6701 imposes a penalty on any person who prepares or assists in the preparation of a return, affidavit, or other document that the person knows or has reason to believe will be used in connection with any material matter arising under the internal revenue laws, and that the person knows would (if so used) result in an understatement of tax liability.

10. Based upon the factual findings and evidence presented by the United States that Anderson has not opposed, the Court finds that Anderson has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6701 and has continually and repeatedly engaged in other fraudulent or deceptive conduct substantially interfering with the administration of the tax laws.

11. Anderson prepared federal income tax returns that she filed for other taxpayers. She knew or had reason to believe that the returns she prepared and filed would be used in connection with material matters arising under the internal revenue laws.

12. Anderson knew that the returns and other documents she prepared included false credits or deductions that result in understatements of the taxpayers' tax liabilities.

13. Permanent injunctive relief is appropriate to prevent the recurrence of Anderson's conduct since her conduct described above demonstrates a total disregard for the laws of the United States. As a result of Anderson's repeated conduct, and based upon the factual findings

above, the Court also finds that a narrower injunction prohibiting only this specific misconduct would be insufficient.

## Count III

### Injunction under 26 U.S.C. § 7402(a) for unlawful interference with the enforcement of the internal revenue laws

14. 26 U.S.C. § 7402 authorizes a court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

15. Based upon the factual findings and evidence presented by the United States that Anderson has not opposed, the Court finds that Anderson has continually and repeatedly engaged in conduct subject to penalty under the internal revenue laws and has continually and repeatedly engaged in other fraudulent or deceptive conduct substantially interfering with the administration of the tax laws.

16. Anderson, through her actions as described above, engaged in conduct that substantially interfered with the enforcement of the internal revenue laws.

17. Anderson, by filing tax returns on behalf of taxpayers, without their knowledge or consent, interfered with the enforcement of the internal revenue laws.

18. The federal income tax returns that Anderson prepared and filed for these individuals improperly and illegally understated their federal income tax liabilities. Because a substantial number of these persons were incarcerated with the Alabama Department of Corrections, they did not earn income in 2007, were not required to pay taxes and, therefore, were not entitled to a refund of taxes paid. Despite this, Anderson prepared and filed fraudulent returns on their behalf and even listed South Carolina addresses where they did not reside.

19. If Anderson is not enjoined from engaging in fraudulent and deceptive conduct, such as preparing false or fraudulent tax returns, the United States will suffer irreparable injury from the losses the defendant is causing the Federal Treasury.

20. While the United States will suffer irreparable injury if Anderson is not enjoined, defendant will not be harmed by being compelled to obey the law.

21. The public interest would be advanced by enjoining Anderson because an injunction, backed by the Court's contempt powers if needed, will stop her illegal conduct and the harm the conduct is causing to the United States Treasury.

22. If Anderson is not enjoined, she is likely to continue to interfere with the enforcement of the internal revenue laws.

23. Therefore, for these reasons and the reasons provided in the factual findings above, the Court finds that a narrower injunction prohibiting only this specific misconduct would be insufficient.

## **ORDER**

Based on the foregoing factual findings and for good cause shown, entry of default judgment and a permanent injunction is appropriate. Therefore,

IT IS HEREBY ORDERED that judgment is entered in favor of the United States and against defendant Dorothy Lee Anderson d/b/a DL Anderson Tax Service ("Anderson");

Further, IT IS HEREBY ORDERED that Anderson, and her representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with her, are permanently enjoined from directly or indirectly:

(a) Acting as a federal tax return preparer or requesting, assisting in or directing the preparation and/or filing of federal tax returns for any person or entity other than herself, or appearing as a representative on behalf of any person or organization whose tax liabilities are under examination or investigation by the Internal Revenue Service ("IRS");

(b) Understating tax liabilities in a manner subject to penalty under 26 U.S.C. § 6694;

(c) Engaging in activity subject to penalty under 26 U.S.C. § 6695, including, but not limited to, failing to furnish tax returns to taxpayers, and endorsing or otherwise receiving tax refund checks either through direct deposit into her own personal account or any other account she controls or any other mechanism;

(d) Engaging in activity subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position that she knows would result in an understatement of another person's tax liability;

(e) Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws; and

(f) Obtaining, using, or retaining any other person's social security number or other federal tax identification number or federal tax return information in any way for any purpose without that person's express written consent.

Further, IT IS HEREBY ORDERED that Anderson produce to counsel for the United States within 21 days of the date of this Order a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom she or her employees or agents prepared federal tax returns or claims for refund since January 1, 2007, and to file with the Court, within 28 days of the date of this Order, a certification that she has done so.

Further, IT IS HEREBY ORDERED that Anderson is ordered, at her own expense, to send by United States mail a copy of the permanent injunction entered against her in this action

to each person for whom she, or anyone at her direction and employ, prepared federal income tax returns or any other federal tax forms after January 1, 2007. Anderson shall provide to the United States a certificate of compliance, signed under penalty of perjury, within 21 days of entry of this order, and to file with the Court, within 28 days of the date of this Order, a certification that she has done so.

Further, IT IS HEREBY ORDERED that the United States is permitted to engage in post-judgment discovery to ensure Anderson's compliance with this Order.

Finally, IT IS HEREBY ORDERED that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Order and any additional orders necessary and appropriate to the public interest.

Dated this 4th day of May, 2010.

Joseph F. Anderson, Jr.
United States District Judge